UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00012-SSS-SPx | Date | March 5, 2026 |
|---|---|---|---|
| Title | *Cynthia N. Araujo et al. v. General Motors LLC* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 14] AND VACATING
MARCH 13, 2026 HEARING**

Before the Court is Plaintiffs Cynthia N. Araujo and David F. Araujo's
Motion to Remand.  [Dkt. No. 14].  The Motion is fully briefed and ripe for
consideration.  [*See* Dkt. No. 14, "Motion"; Dkt. No. 15, "Opposition" or "Opp.",
Dkt. No. 16, "Reply"].  For the following reasons, the Court **DENIES** Plaintiffs'
Motion to Remand.

## I.    FACTUAL AND LEGAL BACKGROUND

This matter arises out of an alleged breach of implied and express warranty
under the California Song-Beverly Consumer Warranty Act ("SBA"), the Federal
Magnuson-Moss Warranty Act ("Magnuson-Moss"), and other claims under the
California Uniform Commercial Code.  [*See* Dkt. No. 1 at 2, "Notice of Removal";
*see generally* Dkt. No. 1-1, "Complaint"].  Plaintiffs initiated this suit in San
Bernardino County Superior Court on August 22, 2025.  [Dkt. No. 1-1,
"Complaint"].  On October 3, 2025, Defendant filed its Answer in the San
Bernardino County Superior Court, indicating that "electronic service of discovery
is not accepted on any matter absent an e-service agreement for the specific case.
[Dkt. No. 1-2 at 3].  Because Defendant had no such agreement with electronic

service with Plaintiffs, Defendant seems to partially contest the validity of service of the complaint and provided a general denial of the allegations.  [*Id.* at 3–6].

On January 2, 2026, Defendant filed its Notice of Removal in this Court, relying on 28 U.S.C. § 1332 and 28 U.S.C. § 1446.  [*See* Dkt. No. 1, "Notice of Removal"].  Plaintiffs then filed this Motion to Remand.  [*See generally* Motion].

## II.    LEGAL STANDARD

A motion to remand challenges the propriety of the defendant's removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)).  Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal, and the defendant bears the burden of establishing that removal is proper.  *Id.*  "The removal statute is strictly construed, and any doubt about the right of removal must be resolved in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.  Additionally, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removal statute requires that a notice of removal be filed within a thirty-day period that begins when the defendant receives a pleading or other paper that clearly establishes the basis for removal, whether received through "formal service or otherwise."  28 U.S.C. § 1446.  Although the statute refers to service or otherwise, the Supreme Court has narrowly applied this language to require formal service of process before the thirty-day period begins.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 354 (1999).  The Court has identified four possible points at which the thirty-day period may begin: when the summons and complaint are served together, when the summons is served and the complaint follows, when a complaint is filed and service is not required by local rules, or when the summons is served after the complaint is filed.  *Id*. at 354.

Under Ninth Circuit precedent, the thirty-day removal period begins only when the initial pleading affirmatively reveals the facts necessary to establish federal jurisdiction.  *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 690–91 (9th Cir. 2005).  The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain."  *Stewart v. Gen. Motors LLC*, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *2 (C.D. Cal. Oct. 7, 2025); *see also Dietrich v. Boeing Co*., 14 F.4th 1089, 1095 (9th Cir. 2021).  A defendant may

remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not violated either statutory deadline." *Stewart*, 2025 WL 2848991, at *2; *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Accordingly, removal is timely only if filed within thirty days after the defendant receives a pleading or other paper that clearly establishes the basis for federal jurisdiction. 28 U.S.C. § 1446(b)(1). Failure to comply with this thirty-day requirement renders removal procedurally defective and requires remand under 28 U.S.C. § 1447(c).

## III.    DISCUSSION

Plaintiffs challenge the timeliness of Defendant's removal under 28 U.S.C. § 1446(b)(1). [Motion at 12–13]. Plaintiffs further argue that removal was improper because Defendant failed to meet its heavy burden of establishing the amount of controversy, which Plaintiffs argue is ascertainable on the face of the complaint. [*Id.* at 13–18].

Defendant opposes, asserting that removal was timely because the Complaint did not trigger its duty to remove under 28 U.S.C. § 1446(b)(1). [Opp. at 15–16]. The Opposition maintains that Plaintiffs' allegations "are 'indeterminate' as to subject matter jurisdiction." [Notice of Removal at 6; *see* Opp. at 18]. Defendant instead relies on § 1446(c) as its basis for timely removal. [Notice of Removal at 10; Opp. at 21–27].

The Court first addresses the timeliness of removal and whether Defendant's removal was proper. For the reasons explained below, the Court finds Defendant's removal was timely and proper. Because the Court concludes that removal was timely, it does not reach Plaintiffs' remaining arguments regarding the propriety of removal.

### A.    Timeliness of Removal

In terms of effectuating a timely removal, parties must abide by the thirty-day removal period as outlined in § 1446. The thirty-day removal period begins only when the initial pleading affirmatively reveals the facts necessary to establish federal jurisdiction; removability is determined solely from the four corners of the complaint. *Harris*, 425 F.3d at 690–91, 695. If the initial pleading is indeterminate, a second thirty-day removal period is triggered only when the defendant receives "a copy of an amended pleading, motion, order or other paper"

---

which clearly establishes removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

Plaintiffs argue that Defendant's removal was untimely because Defendant did not file its removal until January 2, 2026. [Reply at 7]. At the latest, Plaintiffs contend that the Complaint made removability clear on its face upon service of the statutory disclosure under California Code of Civil Procedure § 871.26 on November 6, 2025. [Motion at 15]. Defendant does not appear to dispute that it filed its Answer in state court, and later filed its Notice of Removal on January 2, 2026. [*See* Notice of Removal at 2; *see generally* Opp.]. Instead, Defendant asserts that the thirty-day removal period was never triggered because the Complaint did not clearly establish either the amount in controversy or Plaintiff's citizenship. [Notice of Removal at 10; Opp. at 23].

The question here is when, if ever, did Defendant ascertain that the amount in controversy in the action met or exceeded $50,000. Therefore, the Court must consider whether the Complaint provided sufficient information to trigger the removal period.

### 1.    Burden of Establishing Amount in Controversy

Although a defendant bears the burden of establishing the amount in controversy when removal is challenged, that burden applies only after removal has occurred. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996). A defendant is not required to affirmatively investigate facts outside the pleading to determine whether to remove. *Harris*, 425 F.3d at 695. The Ninth Circuit has made clear that removability must be apparent from the four corners of the Complaint. *Id.* at 690–91. The thirty-day removal period under § 1446(b)(1) begins only when the initial pleading itself affirmatively reveals the basis for federal jurisdiction. *Id*.

The Ninth Circuit has also rejected the argument that removability is evident merely because a complaint pleads a Magnuson-Moss claim. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). Although Magnuson-Moss creates a federal cause of action, federal courts lack jurisdiction unless the amount in controversy meets the $50,000 statutory threshold. § 2310(d)(3)(B); *Shoner*, 30 F.4th at 1147.

Plaintiff argues that Defendant should have determined the amount in controversy based on the vehicle's make, model VIN, and the other categories of relief, triggering the first thirty-day period. [Motion at 14–15].

---

This argument confuses two distinct burdens.  The burden to establish the amount in controversy applies only after removal has occurred, and when the defendant must justify federal jurisdiction in response to a motion to remand. *See Sanchez*, 102 F.3d 398, 404–05.  Before removal, the Ninth Circuit has held a defendant has no obligation to investigate outside the four corners of the complaint or consult internal records or pre-complaint documents to determine the amount in controversy.  *Harris*, 425 F.3d at 694–95; *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885–86 (9th Cir. 2010).

Absent any specific allegations of the dollar value of the claims, allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline.  *See Stewart*, 2025 WL 2848991, at *3; *see also, e.g.*, *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024).  Thus, Defendant was not required to speculate about the amount in controversy when Plaintiffs provided neither facts nor references for dollar amounts apparent from the face of the pleadings.

### 2.    Timeliness of Removal

Plaintiffs next rely on *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) for its central argument regarding timeliness of removal. [Motion at 9–10, 14–15].  In citing to *Dart*, Plaintiffs argue that Defendant possessed sufficient information to determine satisfaction of the jurisdictional threshold and removability of the action during the statutory period.  [Motion at 14].  However, the Ninth Circuit has held that *Dart* governs the standard for what a defendant must allege in a notice of removal, not what a complaint must contain to trigger the thirty-day period.  *Kuxhausen*, 707 F.3d at 1141 n.3 (9th Cir. 2013*)*.  The Court has explicitly held that *Dart* does not modify *Harris*, which requires that removability be apparent from the face of the initial pleading.  *Dart*, 574 U.S. 81, 89 (2014); *see also Kuxhausen* 707 F.3d at 1141.  The question remains whether "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694.  As to the initial thirty-day period, the Court finds that it is not.

Plaintiffs contend that they "personally served a copy of the Complaint and Summons on Defendant" on September 3, 2025.  [Motion at 8].  Defendant argues that the Complaint did not trigger the initial thirty-day removal period under § 1446(b)(1) because it did not contain any figures from which the Defendant or the Court could determine the amount in controversy.  [Opp. at 26].

Indeed, the Complaint contains no purchase price, no mileage offset, no repair costs, and no other numeric facts from which the Court could calculate

actual damages.  [*See generally* Complaint].  Plaintiffs do not provide any information that affirmatively reveals the amount in controversy, either in the body of the Complaint or the prayer for relief.  [*Id.*].  *See Stewart v. Gen. Motors LLC*, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *3 (C.D. Cal. Oct. 7, 2025).

As a result, neither the Defendant nor the Court can compute actual damages under SBA or determine whether the amount in controversy under Magnuson-Moss is met.  Because the amount in controversy was not affirmatively revealed in the pleadings, the initial thirty-day removal period was not triggered under § 1446(b)(1) upon service.

A second thirty-day period would begin only if Plaintiffs later served an amended pleading or other paper clearly establishing removability.  *Prado v. Dart Container Corp.*, 373 F. Supp. 3d 1281, 1285–86 (N.D. Cal. 2019).  Plaintiffs suggest that the Sales Agreement produced on November 6, 2025, provided such information.  [Motion at 15–16].  Defendant suggests that Plaintiffs' argument regarding this "other paper" is "without merit."  [Opp. at 15].  Defendant does not expressly contend with the Sales Agreement but maintains that Plaintiffs failed to plead the values necessary to establish the amount in controversy for Magnuson-Moss claims.  [Opp. at 22–23].

Therefore, the question is whether Plaintiffs' supplemental production of the Sales Agreement stating the Vehicle's purchase price made it "unequivocally clear and certain" that the Magnuson-Moss amount-in-controversy was satisfied.  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

**B.      Whether the Sales Agreement Triggered the Second Thirty-Day Period**

Federal jurisdiction under Magnuson-Moss exists only where "the amount in controversy is at least $50,000, exclusive of interests and costs."  15 U.S.C. § 2310(d)(3)(B).  Courts, in determining the jurisdictional amount in controversy, look to the measure of actual damages recoverable under the applicable state warranty statute.  *See Krotin v. Porsche Cars North America, Inc.*, 38 Cal. App. 4th 294, 302–303 (1995).  In California, the statute is the SBA.  Courts apply § 2310(d)(3)(B) strictly because civil penalties available under the SBA are not recoverable under Magnuson-Moss.  *See Critney v. National City Ford, Inc.*, 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003).  Actual damages under Magnuson-Moss must therefore reflect all mandatory statutory offsets, including mileage

deductions, negative equity, and any other applicable reductions.  *Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701 n.3 (9th Cir. 2018).

Although Plaintiffs' complaint does not expressly include the purchase price, mileage offset, negative equity, or any other numerical facts needed to calculate actual damages, Plaintiffs note that they produced a copy of the Subject Vehicle's Sales Agreement on November 6, 2025, pursuant to California Code of Civil Procedure § 871.26.  [Motion at 9; Dkt. No. 14-1 ¶ 7].  Plaintiffs state that this Sales Agreement identifies the vehicle's total sales price, which "render[s] the amount in controversy unquestionably ascertainable."  [Motion at 10].

Defendant, however, posits that the Complaint is indeterminate to whether Plaintiffs meet the jurisdictional threshold for any of their federal claims.  [Opp. at 18, 21–23].  As to Plaintiff's Magnuson-Moss claims, the Opposition suggests Defendant would "be in an *ex-ante* Catch-22 if ambiguous allegations for damages like Plaintiffs' are held to be determine as to the $50,000 amount in controversy." [*Id.* at 21–22].  Defendant further notes that "Plaintiffs' Complaint specifically delineates two different approaches to damages: one applicable solely to their Song-Beverly Act claims and one applicable solely to their Magnuson-Moss claims."  [Opp. at 22].  With respect to their Magnuson-Moss claims, Plaintiffs "do not make clear which formula—sections 2711, 2712, and/or 2713—they seek recovery under."  [*Id.*].

The Court has previously found that documents like the Sales Agreement alone do not meet the high standard under § 1446(b)(3).  *See Bateman v. Gen. Motors LLC*, No. 8:25-CV-02696-DFM, 2026 WL 412521 at *3 (C.D. Cal. Feb. 12, 2026).

The Sales Agreement contains information relevant to calculating the amount in controversy.  However, standing alone, the Sales Agreement does not provide information—such as mileage necessary to calculate offsets and, therefore, actual damages—and making it "unequivocally clear and certain" that the case was removable.  *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021); *see also* Cal. Civ. Code § 1793.2(d)(2)(C); Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f).  Because actual damages were uncertain based on the Sales Agreement, so were the maximum civil penalties.  *See* Cal. Civ. Code § 1794(c) (maximum penalties under SBA are twice actual damages).

In sum, while the Sales Agreement may have made it likely that the amount in controversy requirement was met, "likely" is not "unequivocally clear and certain." *Blumberger v. Tilley*, 115 F.4th 1113, 1122 (9th Cir. 2024).  Thus,

---

Plaintiffs' service of the Sales Agreement did not trigger the second thirty-day period on November 6, 2025.

Because the Complaint fails to establish the amount in controversy and because the later-served document did not trigger either of the thirty-day deadlines, the Court finds that Defendant's removal was timely under § 1446(b). *Stewart*, 2025 WL 2848991, at *2–3.

## IV.   CONCLUSION

For the reasons stated above, the Court finds Defendant's removal was timely and proper.  Plaintiff's Motion to Remand is therefore **DENIED**.  The hearing scheduled on March 13, 2026 is **VACATED**.

**IT IS SO ORDERED.**